NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIN HAN, | No. 23-862 |
| Petitioner, | Agency No. A087-859-375 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2024**
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Bin Han, a native and citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision dismissing his appeal of an Immigration

Judge's (IJ) order denying his applications for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Because the BIA cited *Matter of Burbano* and also provided its own analysis in this case, we review both the BIA and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021); *see Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994). Denials of asylum, withholding of removal, and CAT protection are reviewed for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We may not disturb the BIA's findings "unless the evidence compels a contrary conclusion." *Id.*

1. To qualify for asylum, Han must show past persecution or a "well-founded fear of future persecution" based on a protected ground. *Hussain v. Rosen*, 985 F.3d 634, 645–46 (9th Cir. 2021) (quotation omitted). Han was arrested in China for helping a friend deliver Bibles. He alleges that beatings by Chinese officials during an overnight detention, coupled with weekly reporting requirements and his loss of employment, compel a finding of past persecution. But "looking at the cumulative effect of all the incidents that [Han] has suffered," there is substantial evidence to support the BIA's contrary decision. *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (quotation omitted). The beatings caused only temporary physical injuries—a swollen face and several bruises—that did not require medical treatment. *See id.* (collecting cases considering whether the injuries involved

"significant physical harm" or "required medical treatment"); *cf. Guo v. Sessions*, 897 F.3d 1208, 1211 (9th Cir. 2018) (past persecution where the petitioner was beaten so badly that he "could not stand by himself"). Nor was Han's single detention "part of an ongoing pattern of serious maltreatment." *Sharma*, 9 F.4th at 1061; *see Gu v. Gonzales*, 454 F.3d 1014, 1017–18, 1021 (9th Cir. 2006) (no past persecution where the petitioner was detained for three days, beaten, and required to report to police for several weeks after his release). Han was mistreated by the Chinese authorities, but "not all negative treatment equates with persecution." *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004).

As to future persecution, there is substantial evidence that Han has not established an objectively reasonable fear of persecution based on his imputed Christian beliefs. More than fourteen years have passed since Han's initial detention, and his wife stopped mentioning police inquiries about Han's whereabouts "five [or] six years" before Han's immigration hearing. Thus, the record does not compel the conclusion that Han will face religious persecution if he returns to China. *See, e.g.*, *id.* at 934–35 (no reason to suspect future persecution when the "alleged persecution occurred more than ten years ago").

Because Han has not established his eligibility for asylum, he necessarily "has failed to meet the more stringent 'clear probability' burden" for withholding of removal. *Sharma*, 9 F.4th at 1066 (quotation omitted).

2.      Substantial evidence also supports the BIA's conclusion that Han is ineligible for CAT protection.  Han must show that, if he is removed, "it is more likely than not" he will be tortured "by, or at the instigation of," Chinese officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  Because Han has not adequately alleged past persecution by the Chinese authorities, it follows that he has not adequately alleged past torture.  *See Sharma*, 9 F.4th at 1067.  And although Han presents evidence of generalized human rights abuses in Chinese detention centers, he does not explain why he faces a "particularized threat of [future] torture" upon his return. *Lanza*, 389 F.3d at 936 (quotation omitted).  Thus, Han has not established his eligibility for CAT protection.

**PETITION DENIED.**